UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

N. SINGH,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 3:26-cv-14265

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Re: ECF No. 2

Petitioner Narpal Singh has been a lawful permanent resident of the United States since May 22, 1997. He is the primary caretaker to his 91-year-old mother who has dementia and severe mobility issues.

On November 19, 2026, Petitioner was detained at San Francisco International Airport ("SFO") after a trip abroad. He was told he was being arrested because of a felony possession conviction entered in Fresno, California, in 2013.

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"), and an Ex Parte Motion for Temporary Restraining Order contending that he is being unlawfully confined in violation of the Constitution and laws of the United States. ECF Nos. 1, 2. The Court finds that the requirements for issuing a temporary restraining order ("TRO") without notice pursuant to Federal Rule of Civil Procedure 65(b) are met. The Court also finds that Petitioner is likely to succeed on the merits of his claims. The Court GRANTS Petitioner's Ex Parte Motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter. ECF No. 2. The Court **ORDERS** that Respondents **IMMEDIATELY RELEASE PETITIONER FROM CUSTODY TODAY, NOVEMBER 19, 2026.**

United States District Court
Northern District of California

## I. BACKGROUND

Petitioner is 67-year-old citizen of India who was admitted as a lawful permanent resident of the United States on May 22, 1997. He does not speak English. Petitioner is the primary caretaker for his 91-year-old mother who has dementia and severe mobility issues. Petitioner was also the primary caretaker for his father, until his father passed away two months ago. Petitioner also has three U.S. citizen children, and six U.S. citizen grandchildren whom he babysits. Petitioner suffers from hypertension, diabetes, mellitus, hyperlipidemia, arthritis, chronic osteoarthritis in his knees and shoulder, and low back pain.

In 2013, Petitioner was convicted of a felony possession offense in Fresno County, California. In the thirteen years since then, he has renewed his ten-year permanent residency card at least once, requiring him to complete biometrics and an FBI background check. Still, Petitioner has never been placed in removal proceedings.

In October 2026, Petitioner returned from a trip to India to offer a burial prayer for his father, after his death. Upon arrival in the U.S., Petitioner was inspected by immigration officers and was admitted to the United States. But when he returned from another short trip abroad on November 19, 2026, he was detained at SFO allegedly because of his thirteen-year-old felony possession conviction.

## II. ANALYSIS

The Court has reviewed the Petition. The Court finds that the requirements for issuing a TRO without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case. Petitioner has presented specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition. To prevail on a TRO, Petitioner must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court addresses each of the *Winter* factors in turn and finds that Petitioner has met his burden on each factor and is entitled to a TRO.

As to Petitioner's likelihood of success on the merits, the Court analyzes his "due process

claim 'in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.'" *Quispe v. Chestnut*, No. 25-cv-2002-CSK, 2026 WL 654577, at *4 (E.D. Cal. Mar. 9, 2026) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). At the first step, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). As a lawful permanent resident who has lived openly in this country for over three decades, has three U.S. citizen children, serves as a caregiver for his 91-year-old mother, has six U.S. citizen grandchildren whom he babysits, and is a volunteer in his local community's Sikh temples, Petitioner has a substantial liberty interest.

At the second step, this Court finds that the three factors relevant to the due process inquiry set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976)—"the private interest that will be affected by the official action," "the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards," and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," *id.* at 335—require that Petitioner be immediately released from custody. Further he must be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody. In particular, although Petitioner admits he has one felony possession conviction from 2013, the government has renewed his lawful permanent residency at least once since then (requiring an FBI background check) and has admitted Petitioner into this country without detention as recently as last month (October 2026), when Petitioner returned from performing a burial prayer for his father in India. On the record before the Court, the single thirteen-year-old conviction does not outweigh Petitioner's substantial private interest in remaining out of custody, which would allow him to take care of his family, including his elderly grandmother and his six grandchildren, and continue to volunteer in his community. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Thus, Petitioner has shown that

United States District Court
Northern District of California

he is likely to succeed on the merits.[1]

Petitioner has also made a sufficient showing on the remaining factors. An unconstitutional deprivation of physical liberty constitutes irreparable harm. *See, e.g.*, *Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017). The balance of hardships tips sharply in Petitioner's favor, particularly in light of his elderly mother and six grandchildren for whom he provides care, as well as his own medical conditions. And the balance of harms and public interest factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III. CONCLUSION

Accordingly, the Court hereby **GRANTS** Petitioner's Motion for a Temporary Restraining Order. ECF No. 2. In this case, in light of the minimal risk of harm to the government, the Court determines that security is not required.

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby **ORDERED** as follows:

- Respondents are **ORDERED TO IMMEDIATELY RELEASE PETITIONER FROM CUSTODY TODAY, NOVEMBER 19, 2026, IN SAN FRANCISCO, CALIFORNIA.** Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing them from the United States. Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.
- The Court shall evaluate the merits of Petitioner's habeas petition simultaneous to the request for preliminary injunctive relief. *See* Fed. R. Civ. P. 65(a)(2) (Before or after beginning the hearing on a motion for a preliminary injunction, the court may

---

[1] In the Ninth Circuit, a TRO may also issue if Petitioner shows that there are "serious questions going to the merits" and that "the balance of hardships tips sharply" in his favor. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014). In the alternative, for the same reasons, the Court finds that there are at least serious questions going to the merits.

United States District Court
Northern District of California

advance the trial on the merits and consolidate it with the hearing.); *see also* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require."). Respondents shall answer or otherwise respond to the Petition (not the TRO motion) by no later than November 23, 2026. Any response must include the Petitioner's full Forms I-213, any orders of release or detention, any custody warrants or notices, Petitioner's criminal history to the extent one exists, and any other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition. Failure to timely respond shall be construed as a non-opposition. Civil L.R. 230(c).

- Petitioner may file a reply by November 24, 2026.
- In addition, by no later than noon on November 20, 2026, Respondents are DIRECTED to file a status report with the Court verifying at what time on November 19, 2026, Petitioner was released.
- The Court sets this matter for a hearing on Wednesday, November 25, 2026, at 9:00 a.m. via videoconference.
- Counsel for Respondents shall promptly enter notices of appearance.
- In the time before the hearing, the parties are ORDERED to meet and confer to see if they can resolve this matter without further judicial intervention.

**This Order shall remain in effect until November 25, 2026, at 10:15 p.m.** Petitioner shall serve this Order via email on Pamela Johann, Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California, at pamela.johann@usdoj.gov.

**IT IS SO ORDERED.**

Dated: November 19, 2026, 10:55 p.m.

Noël Wise
United States District Judge